IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAVERNE JONES, ET AL.                *
                                     *
                                     *
v.                                   *        Civil No. – JFM-14-2375
                                     *
BERNALDO DANCEL, ET AL.              *
                               ******

## MEMORANDUM

Plaintiffs have filed a motion to vacate in part and confirm in part the final arbitration award. The motion will be denied.[1]

This case has a long and torturous procedural history. No usual purpose would be served by reciting that history here. Suffice it to say that the matter has been in arbitration for nine years.

It is well-established that "judicial review of arbitration awards is . . . among the narrowest known to the law." *Amerix Corp. v. Jones*, 457 F. App'x 287, 291 (4th Cir. 2011) (quoting *United States Postal Serv. v. Am. Postal Workers Union*, 204 F.3d 523, 527 (4th Cir. 2000)). As stated in the *Postal Workers Union* case, "[a] court sits to 'determine only whether the arbitrator did his job - not whether he did it well, correctly, or reasonably, but simply whether he did it.'" 204 F.3d at 527 (quoting *Mountaineer Gas Co. v. Oil, Chem. & Atomic Workers Int'l Union*, 76 F.3d 606, 608 (4th Cir. 1996)). The standard applied by the Fourth Circuit is whether the arbitrator manifested a disregard of the law in issuing his decision. *Ushur Coals Corp. v.*

---

[1] Also pending is a motion by *amici curiae* for leave to file a brief in support of plaintiffs' motion. Defendants have opposed the motion. Although there is merit in defendants' opposition, to avoid an unnecessary issue, I will grant the motion. Nothing in the brief submitted by the *amici curiae* alters my conclusion that the motion filed by plaintiffs should be denied.

1

*United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). In meeting that standard, it is not sufficient to show that the award "resulted from a misinterpretation of law, faulty legal reasoning or erroneous legal conclusion." *JIH v. Long & Foster Real Estate, Inc.*, 800 F.Supp., 320 (D. Md. 1992) quoting *Upshur Coals Corp.*, 933 F.2d at 229. Rather, it must be shown that the arbitrator, in issuing its decision, "was aware of the law, understood it correctly, found it applicable to the case . . ., and yet chose to ignore it in propounding his decision.'" *Amerix Corp.*, 457 F. App'x at 294 (quoting *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 149 (4th Cir. 1994).

The reason that the standard of review is so limited is that by including an arbitration clause in their contract, the parties bargained for arbitration. Therefore, as recently stated by the Supreme Court, the "courts have no business overruling . . . [the arbitrator] because their interpretation of the contract is different from . . . [the arbitrator's]. The arbitrator's construction holds, however good, bad, or ugly." *Oxford Health Plans, LLC v. Sutter*, 133 S. Ct. 2064, 2070-71 (2013). Here, a cursory review of the arbitrator's decisions reflects that they were thoughtful and well-considered. Whether this court agrees with the conclusions reached by the arbitrator is beside the point. The parties bargained for arbitration, and there is absolutely no basis for overturning the arbitrator's decision.

A separate order denying plaintiffs' motion is being entered herewith.

Date: 10/6/14

J. Frederick Motz
United States District Judge